## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CERTAIN UNDERWRITERS AT LLOYDS, LONDON, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-5292 c/w 23-371** |
| **COVINGTON FLOORING CO., INC., ET AL.** | **SECTION: "G"(1)** |

## <u>ORDER AND REASONS</u>

Before the Court are Defendants Covington Flooring Company, Inc., The Charter Oak Fire Insurance Company, and Travelers Property Casualty Company of America's (collectively "Defendants") "Motion for Partial Summary Judgment"[1] and Plaintiff St. Augustine High School, Inc.'s ("St. Augustine") "Motion for Extension of Deadlines for Experts."[2] St. Augustine brings claims against Defendants for damages to a gymnasium leased by St. Augustine.[3] Defendants argue that St. Augustine does not have a right to recover damages for: (1) loss of property value; (2) betterment and improvement costs; (3) increased cost of property and casualty insurance coverage and limited property and casualty insurance coverage; (4) property damage; (5) non-compliance with loan covenants, and (6) past, present, and future mental pain and suffering.[4] In opposition, St. Augustine argues that it does have the right to recover damages as a result of the

---

[1] Rec. Doc. 31.

[2] Rec. Doc. 32.

[3] Rec. Doc. 1.

[4] Rec. Doc. 31.

fire to the gymnasium based on certain language of the lease agreement.[5] Considering the motions, the oppositions, the reply memoranda, the record, and the applicable law, the Court grants in part and denies in part Defendants' Motion for Partial Summary Judgment and grants St. Augustine's Motion for Extension of Deadlines for Experts.

## I. Background

St. Augustine contracted with Defendant Covington Flooring Company, Inc. ("Covington") to replace the hardwood floors in the gymnasium located at 2600 A P Tureaud Avenue, New Orleans, Louisiana 70119, after it was damaged during a hurricane.[6] It is alleged that Covington's employees were utilizing cloth rags to apply Bona DriFast Stain and Bona Sport Seal products which contain compounds that are susceptible to self-heating and spontaneous ignition if the rags are not properly disposed.[7] The Complaint provides that shortly after Covington's employees left the project for the day on November 25, 2021, a fire was discovered at the gym.[8] It is alleged that the fire occurred as a result of the self-heating and combustion of the improperly discarded stain rags.[9] As a result of the fire, St. Augustine submitted a first-party claim for repairs and additional expenses incurred as a result of the fire.[10] At the time of the fire, the gymnasium was insured by Certain Underwriters at Lloyds, London, Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security

---

[5] Rec. Doc. 34.

[6] Rec. Doc. 1-2 at 4.

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

Indemnity of Arizona, United Specialty Insurance Company, Lexington Insurance Company, HDI Global Specialty SE, Old Republic Union Insurance Company, Geovera Specialty Insurance Company, and Transverse Specialty Insurance Company ("Insurance Plaintiffs").[11]

On November 10, 2022, Insurance Plaintiffs filed suit against Covington in the Civil District Court for the Parish of Orleans.[12] On December 14, 2022, Covington removed the matter to this Court, and it was assigned docket number 22-5292.[13]

On November 24, 2022, St. Augustine filed suit against Covington, The Phoenix Insurance Company, and Travelers Indemnity Company of Connecticut.[14] On January 30, 2023, Covington removed the matter to this Court, and it was assigned docket number 23-371.[15] On May 24, 2023, St. Augustine filed an Amended Complaint, which added The Charter Oak Fire Insurance Company and Travelers Property Casualty Company of America as defendants and removed The Phoenix Insurance Company and Travelers Indemnity Company of Connecticut as defendants.[16]

On June 9, 2023, Covington filed a Motion to Consolidate both cases.[17] On June 14, 2023, the Court granted the motion and consolidated the matters.[18]

---

[11] Rec. Doc. 1-2 at 1–3.

[12] Rec. Doc. 1-2.

[13] Rec. Doc. 1.

[14] Case No. 23-371, Rec. Doc. 1-2.

[15] Case No. 23-371, Rec. Doc. 1.

[16] Case No. 23-371, Rec. Doc. 13.

[17] Rec. Doc. 24.

[18] Rec. Doc. 25.

On November 7, 2023, Defendants filed the instant Motion for Partial Summary Judgment referencing docket number 23- 371.[19] On November 17, 2023, St. Augustine filed the instant Motion for Extension of Deadlines for Experts.[20] On November 22, 2023, St. Augustine filed an opposition to Defendants' Motion for Partial Summary Judgment.[21] On November 29, 2023, Defendants filed a reply memorandum in further support of the Motion for Partial Summary Judgment.[22] On November 29, 2023, the parties filed a Stipulation of Dismissal, dismissing all claims in docket number 22-5292.[23] On December 4, 2023, Defendants filed an opposition to St. Augustine's Motion for Extension of Deadlines for Experts.[24]

## II. Parties' Arguments

### A.   Defendants' Arguments in Support of the Motion for Partial Summary Judgment

First, Defendants argue that St. Augustine, as the lessee of the gymnasium building, has no right to recovery for property damages to the gymnasium.[25] Defendants submit that at the time of the November 25, 2021 fire, St. Joseph's Society of the Sacred Heart, Inc. ("St. Joseph") owned the property, and St. Augustine was the tenant of the premises.[26] Defendants contend that it is St. Joseph that has a personal right to seek repair for the damage.[27] Defendants aver that the lease

---

[19] Rec. Doc. 31.

[20] Rec. Doc. 32.

[21] Rec. Doc. 34.

[22] Rec. Doc. 40.

[23] Rec. Doc. 38.

[24] Rec. Doc. 41.

[25] Rec. Doc. 31-3 at 4.

[26] *Id.*

[27] *Id.* at 6.

agreement between St. Augustine and St. Joseph does not contain an assignment or subrogation of rights provision for St. Augustine to pursue claims of St. Joseph.[28] Defendants assert that the lease agreement provides that St. Joseph maintains all the rights as owner of the property in the event of a loss or damage to the property, and St. Joseph is listed at the sole loss payee.[29] As such, Defendants argue that St. Augustine's claims for property damage should be dismissed.[30]

Next, Defendants argue that if the Court finds that St. Augustine does have a personal right to pursue a claim for damages to the gymnasium building, then St. Augustine has no claim for damages for betterment and improvements to the gymnasium building.[31] Defendants contend that St. Augustine renamed the gymnasium building and made an announcement that it would rebuild a "new and improved Health and Wellness Center" consisting of three levels, new "modernized" products, a wellness room, additional bathrooms, a coaches' office, championship pavilion, and a mezzanine area.[32] Defendants contend that St. Augustine seeks from Defendants the full cost of its new Health and Wellness Center project as property damages in this case.[33] Assuming that St. Augustine has the right to recover for property damage, Defendants aver that St. Augustine can only recover damages to restore the property to its pre-damage condition, not a better condition.[34]

---

[28] *Id.*

[29] *Id.* at 7.

[30] *Id.* at 8.

[31] *Id.*

[32] *Id.* at 9–10.

[33] *Id.* at 10.

[34] *Id.* at 11.

Next, Defendants argue that St. Augustine has no legal right to pursue damages for the loss of property value.[35] Defendants contend that since St. Augustine is not the owner of the gymnasium building, it has no ownership interest in the property, and thus no legal right to damages for loss of property value.[36] Defendants assert that any loss of value of the gymnasium building would be a loss by St. Joseph.[37]

Next, Defendants argue that St. Augustine has no legal right to pursue damages for increased cost of insurance (higher insurance premiums) as a result of a loss since such claims are not recoverable elements of damages in Louisiana.[38] Defendants contend that Louisiana courts have repeatedly ruled that no cause of action exists for a plaintiff's claim for increased insurance premiums.[39] Defendants assert that St. Augustine has not produced any evidence supporting this element of damages.[40]

Next, Defendants argue that St. Augustine has no legal right to pursue damages for non-compliance with loan covenants due to limited property and casualty insurance coverage.[41] Defendants assert that this element of damages is derivative of the claim of increased costs of insurance discussed above.[42] Defendants contend that St. Augustine was not able to provide any

---

[35] *Id.* at 12.

[36] *Id.*

[37] *Id.*

[38] *Id.* at 13.

[39] *Id.*

[40] *Id.*

[41] *Id.* at 14.

[42] *Id.*

evidence to support such a claim.[43] Defendants submit that St. Augustine has had no conversations with any lenders or prospective lenders regarding the effect of insurance coverage.[44] Defendants aver that St. Augustine has no legal authority or evidence supporting this claim.[45]

Lastly, Defendants argue that St. Augustine has no legal right to pursue damages for past, present, and future mental pain and suffering.[46] Defendants contend that said damages are not recognized in Louisiana as a recoverable element of damages for a corporation.[47] Defendants further contend that St. Augustine cannot pursue a claim for mental anguish on behalf of others, such as students, staff, or shareholders.[48]

**B.** *St. Augustine's Arguments in Opposition to the Motion for Partial Summary Judgment*

In opposition, St. Augustine argues that it does have a right to recover property damages.[49] St. Augustine contends that the lease contains numerous provisions that assign real rights from St. Joseph to St. Augustine, such as the right to make any alterations or modifications, the right to obtain insurance, the right to address and resolve maintenance items and repairs, and the right to repair and maintain the premises in good condition.[50]

---

[43] *Id.*

[44] *Id.*

[45] *Id.*

[46] *Id.* at 15.

[47] *Id.*

[48] *Id.* at 15–16.

[49] Rec. Doc. 34 at 4.

[50] *Id.* at 5.

St. Augustine submits that a letter from Vy. Rev. Nelson Moreira demonstrates an oral assignment and an oral lease agreement which spans for a period of 20 years.[51] St. Augustine argues that it is entitled to recover damages that will restore its property to its former condition, including, but not limited to, the cost of all materials, labor, code upgrades and other costs.[52]

**C.   *Defendants' Arguments in Further Support of the Motion for Partial Summary Judgment***

Defendants argue that St. Augustine's opposition is untimely since it was filed seven days prior to the submission date, instead of eight days prior to the submission date pursuant to Local Rule 7.5.[53] Defendants contend that the Court should not consider St. Augustine's opposition.

Next, Defendants argue that St. Augustine has not provided evidence to support a transfer of the right of action to pursue a claim for damages.[54] Defendants submit that while St. Augustine references assignments and subrogation, no such terminology is found within the lease provisions or the cover correspondence page to the lease.[55] Defendants contend that whether the lease provides for a transfer of the right of action to pursue a claim for building damages via assignment or subrogation is a legal determination based on the plain reading of the lease.[56] Defendants aver that St. Augustine has not provided any additional evidence in support of its argument that it obtained St. Joseph's right to pursue a claim for damages to the gymnasium building.[57] Defendants

---

[51] *Id.*

[52] *Id.* at 6.

[53] Rec. Doc. 40 at 2.

[54] *Id.*

[55] *Id.*

[56] *Id.*

[57] *Id.* at 3.

submit that St. Augustine has not provided any legal authority to support its claims.[58] Defendants move the Court to grant the Motion for Partial Summary Judgment and dismissing the contested elements of damages.[59]

### III. Legal Standard

Summary judgment is appropriate when the pleadings, discovery, and affidavits demonstrate "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[60] To decide whether a genuine dispute as to any material fact exists, the court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[61] All reasonable inferences are drawn in favor of the nonmoving party.[62] Yet "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[63] If the entire record "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of fact exists and, consequently, the moving party is entitled to judgment as a matter of law.[64] The nonmoving party may not rest upon the pleadings.[65] Instead, the nonmoving

---

[58] *Id.*

[59] *Id.*

[60] Fed. R. Civ. P. 56(a); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[61] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008) (citing *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000)).

[62] *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Reeves*, 530 U.S. at 150).

[63] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[64] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Ariz. v. Cites Serv. Co.,* 391 U.S. 253, 289 (1968)).

[65] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

party must identify specific facts in the record and articulate the precise manner in which that evidence establishes a genuine issue for trial.[66]

The party seeking summary judgment always bears the initial responsibility of showing the basis for its motion and identifying record evidence that demonstrates the absence of a genuine issue of material fact.[67] "To satisfy this burden, the movant may either (1) submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate that the evidence in the record insufficiently supports an essential element of the opponent's claim or defense."[68] If the moving party satisfies its initial burden, the burden shifts to the nonmoving party to "identify specific evidence in the record, and to articulate" precisely how that evidence supports the nonmoving party's claims.[69] The nonmoving party must set forth "specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."[70]

The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations,

---

[66] *See id.*; *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[67] *Celotex Corp.*, 477 U.S. at 323.

[68] *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir. 1991) (internal citation omitted).

[69] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[70] *Morris*, 144 F.3d at 380; *see also Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012).

by unsubstantiated assertions, or by only a scintilla of evidence."[71] Moreover, the nonmoving party may not rest upon mere allegations or denials in its pleadings.[72]

## IV. Analysis

As an initial matter, the Court will address the timeliness of St. Augustine's opposition to the instant Motion for Partial Summary Judgment. Pursuant to Local Rule 7.5, "[e]ach party opposing a motion must file and serve a memorandum in opposition to the motion with citations of authorities no later than eight days before the noticed submission date." Defendants' Motion for Partial Summary Judgment was set for submission on November 29, 2023. Thus, St. Augustine's opposition was to be filed to later than November 21, 2023. St. Augustine filed its opposition on November 22, 2023.[73] As such, St. Augustine's opposition is untimely. Nevertheless, the Court will exercise its discretion to consider St. Augustine's untimely opposition.

### A.    *St. Augustine's Claim for Property Damage and Loss of Property Value*

Defendants argue that St. Augustine does not have a right to recover for property damages or loss of property value to the gymnasium since, as lessor of the premises, St. Augustine does not have an ownership interest in the gymnasium.[74] Defendants submit that the gymnasium is owned by St. Joseph, and without subrogation or assignment of rights, St. Augustine cannot recover for property damages to the gymnasium,[75] or for loss of property value.[76]

---

[71] *Little*, 37 F.3d at 1075 (internal citations and quotation marks omitted).

[72] *Morris*, 144 F.3d at 380.

[73] Rec. Doc. 34.

[74] Rec. Doc. 31-3 at 4.

[75] *Id.* at 6.

[76] *Id.* at 12.

Louisiana law is clear that the property owner has an action for property damages. Louisiana Code of Civil Procedure article 681 states, "Except as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts." The ownership of property includes the rights to possess it, use it, enjoy the use of it, and dispose of it.[77] A tortfeasor who causes injury or damage to a real right in property owes an obligation to the owner of the real right. This relationship arises as a matter of law and provides to the owner of the real right a personal right to sue the tortfeasor for damages.[78]

It is undisputed that St. Augustine is not the owner of the gymnasium. St. Augustine submits that it had a prior oral lease with St. Joseph, which was later reduced to writing.[79] St. Augustine argues that said lease agreement contains assignments and subrogation of real rights that grant St. Augustine the right to pursue claims for damages to the gymnasium, namely provisions granting St. Augustine the right to make alterations and modifications to the premises, the right to obtain insurance, the right to resolve maintenance and repair issues, and the right to maintain in good condition all portions of the premises.[80]

The second provision of the lease agreement, titled "Acceptance of Premises" provides in pertinent part, "Tenant shall accept the Premises on the Effective Date in its "AS-IS" condition…" and "[t]he taking of possession of the Premises shall be conclusive evidence that Tenant accepts

---

[77] *See Eagle Pipe and Supply, Inc. v. Amerada Hess Corp.*, 10–2267, 10–2272, 10–2275, 10–2279, 10–2289, pp. 10–11 (La. 10/25/11), 79 So. 3d 246, 258; *Giroir v. Dumesnil*, 248 La. 1037, 1050, 184 So. 2d 1, 6 (1966).

[78] *Eagle Pipe & Supply, Inc.*, 79 So. 3d at 279.

[79] Rec. Doc. 34 at 5.

[80] *Id.* at 2.

the Premises and that the Premises were in good condition at the time possession was taken."[81] Therefore, the Court finds that the cited provision establishes that St. Augustine had actual possession of the gymnasium. The lease agreement states, "Tenant, at its sole expense, shall repair, replace and maintain in good condition all portions of the Premises and all areas, improvements and systems of the Premises…"[82] As such, the plain language of the lease establishes that St. August was responsible for repair and maintenance of the gymnasium.

The Court is now faced with mixed questions of law and fact. Jurisprudence is unclear as to whether St. Augustine, as a lessee, has a right of action to pursue a claim for property damages or loss of property value under these circumstances. Additionally, there are fact issues in dispute regarding the extent of the obligation assumed by St. Augustine by way of the lease agreement. Summary judgment should be granted only where there is a question of law to be decided and there is no issue of fact to be tried.[83] Where a decision of a question of law by the court depends on an inquiry into the surrounding facts and circumstances, the court should refuse to grant a motion for summary judgment until the facts and circumstances have been sufficiently developed to enable the court to be reasonably certain that it is making a correct determination of the question of law.[84] To that end, granting summary judgment on these issues would be inappropriate. Thus, the Court denies summary judgment as to these claims.

---

[81] Rec. Doc. 31-6 at 3.

[82] *Id.* at 5.

[83] *Shahid v. Gulf Power Co.,* 291 F.2d 422 (5th Cir. 1961).

[84] *N. L. R. B. v. Smith Industries, Inc.,* 403 F.2d 889 (5th Cir. 1968).

**B.**      *St. Augustine's Claim for Costs for Improvements and Additions to the Gymnasium*

Defendants argue that St. Augustine has no claim for damages for betterment and improvements to the gymnasium building.[85] Defendants contend that St. Augustine renamed the gymnasium building and made an announcement that it would rebuild a "new and improved Health and Wellness Center" consisting of three levels, new "modernized" products, a wellness room, additional bathrooms, a coaches' office, championship pavilion, and a mezzanine area.[86] Defendants state that St. Augustine seeks from Defendants the full cost of its new Health and Wellness Center project as property damages in this case.[87] Defendants aver that St. Augustine can only recover damages to restore the property to its pre-damage condition, not a better condition.[88]

In opposition, St. Augustine refers to Section 8 of the lease agreement which grants it the right to address and resolve maintenance items, repairs, and improvements.[89] Louisiana jurisprudence has established that the assessment of property damage suffered by a plaintiff is intended to place the injured party in the same position he was in prior to the accident, not in a better position.[90] "When property is damaged through the legal fault of another, the primary objective is to restore the property as nearly as possible to the state it was in immediately preceding

---

[85] Rec. Doc. 31-3 at 8.

[86] *Id.* at 9–10.

[87] *Id.* at 10.

[88] *Id.* at 11.

[89] Rec. Doc. 34 at 5.

[90] *Lemon v. Fein*, 467 So. 2d 548, 554 (La. App. 4th Cir. 1985); *Cenac v. Duplantis Moving & Storage Co.*, 407 So. 2d 424 (La. App 1st Cir. 1981).

14

the damage, it is well settled that the measure of damage is the cost of restoring the property to its former condition."[91]

As stated above, "[t]he nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[92] St. Augustine does not present any evidence or legal authority to support a claim for damages for improvements and additions to the gymnasium. As such, the Court finds that St. Augustine's recoverable damages are limited to the cost of restoring the gymnasium to its former condition. Thus, there are no issues of fact in dispute and summary judgment is warranted in favor of Defendants on this issue.

**B.      *St. Augustine's Claim for Increased Cost of Insurance***

Defendants argue that damages in the form of increased cost of insurance (higher insurance premiums) as a result of a loss to the insured are not recognized as a recoverable element of damages in Louisiana.[93] Defendants further argue that St. Augustine has failed to present any evidence to support said claim.[94] St. Augustine does not address this argument. As stated above, "[t]he nonmoving party must set forth 'specific facts showing the existence of a "genuine" issue concerning every essential component of its case.'"[95]

---

[91] *Coleman v. Victor*, 326 So. 2d 344, 346–47 (La. 1976).

[92] *Little*, 37 F.3d at 1075 (internal citations and quotation marks omitted).

[93] Rec. Doc. 31-3 at 13.

[94] *Id.*

[95] *Morris*, 144 F.3d at 380; *see also Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012).

It is well-established under Louisiana law that no cause of action exists for a claim for increased insurance premiums.[96] "If the entire record 'could not lead a rational trier of fact to find for the non-moving party,' then no genuine issue of fact exists and, consequently, the moving party is entitled to judgment as a matter of law."[97] St. Augustine does not present any evidence or legal authority to support a claim for increased cost of insurance coverage. As such, the Court finds that there are no material facts in dispute and summary judgment is warranted in favor of Defendants on this issue.

**C.**     ***St. Augustine's Claim for Damages for Non-Compliance with Loan Covenants***

Defendants argue that St. Augustine has no legal right to pursue damages for non-compliance with loan covenants due to limited property and casualty insurance coverage.[98] Defendants assert that this element of damages is derivative of the claim of increased costs of insurance discussed above.[99] Defendants contend that St. Augustine was not able to provide any evidence to support such a claim.[100] Defendants submit that St. Augustine's representatives testified that they have had no conversations with any lenders or prospective lenders regarding the effect of insurance coverage.[101] St. Augustine does not address this issue in opposition. As stated

---

[96] *Burmaster v. Plaquemines Parish Government*, 2010- 1543 (La. App. 4 Cir. 3/30/11), 64 So. 3d 312, 319; *Nikolaus v. City of Baton Rouge/Parish of East Baton Rouge*, 2009-2090 (La. App. 1 Cir 6/11/10), 40 So. 3d 1244, 1248; *Severn Place Associates v. American Building Services, Inc*., 05-859 (La. App. 5 Cir. 4/11/06), 930 So. 2d 125,129; *Louisiana Swabbing Service, Inc. v. Enterprise Products Co*., 2000-1161 (La. App. 3 Cir. 5/2/01), 784 So. 2d 862, 866–867.

[97] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Ariz. v. Cites Serv. Co.,* 391 U.S. 253, 289 (1968)).

[98]   Rec. Doc. 31-3 at 14.

[99] *Id.*

[100] *Id.*

[101] *Id.*

above, "[t]he nonmoving party must set forth 'specific facts showing the existence of a "genuine" issue concerning every essential component of its case.'"[102] St. Augustine does not present any evidence or legal authority to support a claim for damages for non-compliance with loan covenants. As such, the Court finds that there are no issues of material fact in dispute and summary judgment is warranted in favor of Defendants on this issue.

### D.      *St. Augustine's Claim for Past, Present, and Future Mental Pain and Suffering*

Defendants argue that St. Augustine has no legal right to pursue damages for past, present, and future mental pain and suffering.[103] Defendants contend that said damages are not recognized in Louisiana as a recoverable element of damages for a corporation.[104] Defendants further contend that St. Augustine cannot pursue a claim for mental anguish on behalf of others, such as students, staff, or shareholders.[105] St. Augustine does not address this issue in its opposition. As stated above, "[t]he nonmoving party must set forth 'specific facts showing the existence of a "genuine" issue concerning every essential component of its case.'"[106] It is well-established in Louisiana that a corporate entity cannot suffer mental anguish,[107] nor can one recover for mental anguish suffered by another.[108] St. Augustine has not presented any evidence or legal authority to support a claim

---

[102] *Morris*, 144 F.3d at 380; *see also Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012).

[103] *Id.* at 15.

[104] *Id.*

[105] *Id.* at 15 – 16.

[106] *Morris*, 144 F.3d at 380; *see also Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012).

[107] *Bayou Fleet Partnership v. Clulee*, 19-934 (La. App. 5 Cir. 9/10/14), 150 So. 3d 329, at 333–34; *M & A Farms, Ltd. v. Town of Ville Platte*, 422 So. 2d 708, at 711 (La. App. 3rd Cir. 1982); *Pontchartrain Gardens, Inc. v. State Farm General Ins. Co.*, 2009 WL 86671 (E.D.La 1/13/2009); *AT&T Corp. v. Columbia Gulf Transmission Co.*, 2008 WL 4585439 (W.D. La. 9/15/2008).

[108] *One River Place Condominium Association v. Axis Surplus Ins. Co.*, 629 F.Supp.2d 613, 617 (E.D. La. 2019).

for past, present, and future mental pain and suffering. As such, the Court finds that there are no issues of material fact in dispute and summary judgment is warranted in favor of Defendants on this issue.

### V. St. Augustine's Motion for Extension of Deadlines for Experts

On November 17, 2023, Plaintiff St. Augustine filed a motion requesting that the Court extend the expert deadlines set out in the Scheduling Order.[109] St. Augustine requests that its expert deadline be extended from the current deadline of November 17, 2023 to December 1, 2023.[110] St. Augustine also requests that Defendants' expert deadline be extended from December 15, 2023 to December 29, 2023.[111] St. Augustine contends that it needs to add a property damage expert and to submit any report generated.[112] St. Augustine asserts that an extension would put the parties in a better position to settle this matter, and no party is subject to prejudice.[113]

On December 4, 2023, Defendants filed an opposition to the motion.[114] Defendants contend that the requested extension would prejudice Defendants since it would lessen the amount of time that Defendants have to perform expert discovery and take trial depositions prior to the January 5, 2024 deadline in the Court's Scheduling Order, and to file any necessary *Daubert* motions which must be heard by January 24, 2024.[115] Defendants contend that the December 1, 2023 extension

---

[109] Rec. Doc. 32-1.

[110] *Id.* at 1.

[111] *Id.*

[112] *Id.* at 2.

[113] *Id.*

[114] Rec. Doc. 41.

[115] *Id.* at 1–2.

date requested by St. Augustine has passed without the production of a damages expert report or damages expert designation.[116] Defendants assert that St. Augustine's motion is moot and should not be considered by the Court.[117]

The Court, in its discretion, finds that St. Augustine has shown good cause for the modification of the Court's Scheduling Order. Considering the representations made by St. Augustine and the March 11, 2023 trial date, the Court grants the parties a two-week extension for expert deadlines.

## VI. Conclusion

For the reasons stated herein, the Court finds that the undisputed facts in the record indicate that summary judgment is warranted in favor of Defendants for the following claims: (1) costs of improvements and additions, (2) increased cost of insurance coverage, (3) non-compliance with loan covenants, and (4) past, present, and future mental pain and suffering, and Defendants are entitled to judgment as a matter of law. However, Defendants' Motion for Summary Judgment is denied regarding St. Augustine's claims for property damage and loss of property value as genuine facts remain in dispute. Additionally, the Court finds that St. Augustine has shown good cause for the modification of the Court's Scheduling Order. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Partial Summary Judgment is **GRANTED IN PART AND DENIED IN PART**. St. Augustine's claims for: (1) costs of improvements and additions, (2) increased cost of insurance coverage, (3) non-compliance with loan covenants, and (4) past, present, and future mental pain and suffering are hereby

---

[116] *Id.* at 2.

[117] *Id.*

**DISMISSED**. Summary Judgment is **DENIED** as to St. Augustine's claims for property damage and loss of property value.

      **IT IS FURTHER ORDERED** that St. Augustine's Motion for Extension of Expert Deadlines is **GRANTED**. Discovery is reopened for the limited purpose of expert discovery. Plaintiffs shall file their expert report within two weeks of this Order, on or before January 31, 2024. Defendants shall file their expert report on or before February 14, 2024.

      **IT IS FURTHER ORDERED** that the deadline for *Daubert* motions is extended to March 1, 2024. Any other pre-trial deadlines not addressed herein shall remain in place.

      **NEW ORLEANS, LOUISIANA**, this <u>17th</u> day of January, 2024.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**