UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ST. AUGUSTINE HIGH SCHOOL, INC., NEW ORLEANS, LOUISIANA | CIVIL ACTION |
| VERSUS | NO. 23-371 |
| COVINGTON FLOORING CO., INC., ET AL. | SECTION: "G"(1) |

## ORDER AND REASONS

This litigation arises from property damages suffered by Plaintiff St. Augustine High School, Inc., New Orleans, Louisiana ("Plaintiff").[1] On March 11, 2024, a jury trial commenced in this case. On March 14, 2024, the jury rendered a verdict awarding Plaintiff $6,396,096 in damages.[2] Pursuant to a stipulation of the parties that any jury award should be reduced by $3,733,600, on March 15, 2024, the Court entered judgment for Plaintiff in the amount of $2,662,496.[3] On April 10, 2024, Defendants Covington Flooring Company, Inc., The Charter Oak Fire Insurance Company, and Travelers Casualty Company of America's (collectively "Defendants") filed a Notice of Appeal.[4] Before the Court is Defendants' Motion to Stay Execution of the Judgment and Approve Supersedeas Bond.[5] The motion was set for submission

---

[1] *See* Rec. Doc. 1.

[2] Rec. Doc. 99.

[3] Rec. Doc. 102. $6,396,096 - $3,733,600 = $2,662,496.

[4] Rec. Doc. 103.

[5] Rec. Doc. 104.

on May 1, 2024. Pursuant to Local Rule 7.5, an opposition to the motion was to be filed on or before April 23, 2024. To date, Plaintiff has not filed an opposition to the motion. Considering the motion, the record, and the applicable law, the Court grants the motion.

Defendants contend that a supersedeas bond has been posted in an amount sufficient to maintain the status quo in compliance with Local Rule 62.2.[6] Defendants assert that pursuant to Federal Rule of Civil Procedure 62(b), at any time after a judgment is entered, a party may obtain a stay by providing a bond or other security.[7] Defendants submit that a supersedeas bond has been posted in the amount of $3,200,000, 120% of the judgment rendered on March 15, 2024.[8] Defendants request that this bond be deemed sufficient, and that the Judgment be stayed pending the resolution of Defendants' appeal to the United States Fifth Circuit Court of Appeals.[9]

As an initial matter, the Court must determine whether it has jurisdiction to approve Defendants' supersedeas bond and stay execution of the Judgment. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."[10] However, the Fifth Circuit has held that "[a]fter the filing of a notice of appeal, the trial court retains jurisdiction to modify or grant an injunction pending appeal, to act with regard to appeal and

---

[6] Rec. Doc. 104-1 at 2.

[7] *Id.*

[8] *Id.* at 3.

[9] *Id.*

[10] *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982).

supersedeas bonds, and to aid execution of a judgment that has not been superseded."[11] "District courts retain jurisdiction to issue a stay while an appeal is pending, even where a notice of appeal has been filed prior to the request for a stay."[12] The Court therefore finds that it has jurisdiction to address Defendants' motion.

Defendants request that this Court approve the supersedeas bond and stay the execution of the Judgment. Federal Rule of Civil Procedure 62(b) provides, "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security."[13] Local Rule 62.2 of the Eastern District of Louisiana further specifies that, "A bond or other security staying execution of a money judgment must be in the amount of the judgment plus 20% of that amount to cover interest, costs, and any damages award, unless the court directs otherwise." Another Section of this Court has held this to mean that "120% of a judgment is the appropriate amount for security 'unless the court directs otherwise.'"[14]

The March 15, 2024 Judgment awarded Plaintiff $2,662,496.[15] Defendants timely appealed the judgment,[16] and have provided evidence of an appeal bond posted in the amount of

---

[11] *United States v. Dunbar*, 611 F.2d 985, 989 (5th Cir. 1980) (citation omitted).

[12] *United States v. Tellez*, Civ. A. No. EP–08–CV–303–KC, 2012 WL 12951152, at *1 (W.D. Tex. Feb. 22, 2012) (citing *In re Miranne*, 852 F.2d 805, 806 (5th Cir. 1988)).

[13] Fed. R. Civ. Pro. 62(b).

[14] *Gaddy v. Taylor Seidenbach, Inc.*, Civ. A. No. 19-12926, 2020 WL 815292, at *2 (E.D. La. Feb. 19, 2020) (Fallon, J.).

[15] Rec. Doc. 102.

[16] Rec. Doc. 103.

$3,200,000.[17] The bond amount posted by Defendants exceeds the amount required by Local Rule 62.2. As such, the Court finds that execution of the March 15, 2024 Judgment should be stayed pending the outcome of Defendants' appeal.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Stay Execution of the Judgment and Approve Supersedeas Bond[18] is **GRANTED**.

**NEW ORLEANS, LOUISIANA**, this 25th day of April, 2024.

*[signature]*
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[17] Rec. Doc. 104-2.

[18] Rec. Doc. 104.